UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                      Case No. 95-80417

                                      HON. DENISE PAGE HOOD

GREGORY FREEMAN,

    Defendant.

_____/

## ORDER DENYING SECOND MOTION FOR EXPUNGEMENT

This matter is before the Court on Defendant Gregory Freeman's Second Motion for Expungement filed June 24, 2024. (ECF No. 70) The Court denied Freeman's first Motion to Expunge Criminal Conviction on September 25, 2012. (ECF No. 69)

On May 16, 1995, an Indictment was filed charging Mr. Freeman with Distribution of Heroin, 21 U.S.C. § 841(a)(1) and Attempted Distribution of Heroin, 21 U.S.C. § 841(a)(1) and 846. A jury found Freeman guilty on both counts on August 29, 1995. The attempted distribution count was dismissed by the Court. Mr. Freeman was sentenced to a custodial term of 21 months. The judgment was affirmed by the Sixth Circuit Court of Appeals on June 10, 1997. The Court denied Mr. Freeman's Motion to Vacate Sentence under 28 U.S.C. § 2255 on August 31, 1998.

Freeman again seeks expungement and termination of his case since he claims he has not been in trouble since his conviction 29 years ago. (ECF No. 70) It is noted that Freeman's criminal case is deemed "closed" and terminated before this Court. As to expungement, the Court in its previous opinion addressing Freeman's first Motion to Expunge Criminal Record stated,

> In *United States v. Doe,* 556 F.2d 391, 393 (6th Cir. 1977), the Sixth Circuit, in denying expungement, stated that federal courts have "inherent equitable powers ... to order the expungement of a [criminal] record in an appropriate case." Since *Doe,* the Sixth Circuit has noted that it had not put forward a standard to resolve which cases are "appropriate," but has stated that the power is to be used "only in extreme circumstances." *United States v. Robinson,* 79 F.3d 1149, 1996 WL 107129, *1 (6th Cir. Mar. 8, 1996). The power to expunge has been invoked with regard to "illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through government misconduct." *Id.* at *2. Courts have not granted expungement based on the inability to obtain employment, to legally possess firearm, and to become a lawful citizen of the United States, even though the a defendant has attained many accomplishments since the conviction and has lived a law abiding life. *See United States v. Saah,* 2007 WL 734984 (E.D. Mich. Mar. 8, 2007); *United States v. Ursery,* 2007 WL 1975038 (E.D. Mich. Jul. 2, 2007); *United States v. Lind,* 2006 WL 2087726 (E.D. Mich. Jul. 25, 2006).
>
> Based on Mr. Freeman's motion, it appears he has lived as a law-abiding and productive citizen since his conviction. While the Court understands Mr. Freeman's desire to have a "clean record," Mr. Freeman's situation does not support expungement of his conviction.

(ECF No. 69) For the same reasons as this Court previously stated in the order above, the Court denies Freeman's motion.

Accordingly,

IT IS ORDERED that Defendant's Motion for Expungement **(ECF No. 70)** is DENIED.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: July 9, 2024